STATE OF HAWAI`I, Plaintiff-Appellee,
v.
BARBARA TOLES, Defendant-Appellant.
No. 28554
Intermediate Court of Appeals of Hawaii.
April 14, 2008.
On the briefs:
Jon N. Ikenaga, Deputy Public Defender, for Defendant-Appellant.
Jefferson R. Malate, Deputy Prosecuting Attorney, County of Hawai`i, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., FOLEY and FUJISE, JJ.
In this criminal case, Defendant-Appellant Barbara Toles (Toles) appeals from the April 20, 2007 judgment of conviction following a bench trial before the Honorable Terence T. Yoshioka, presiding judge in the Family Court of the Third Circuit (family court). After a careful review of the record, the points raised and the arguments and authorities presented, we conclude that, viewing the evidence in the light most favorable to the State, there is substantial evidence to support the conclusion of the family court and affirm.

I.
Toles was charged by way of complaint on April 28, 2005 with one count of Abuse of Family or Household Member in violation of Hawaii Revised Statutes (HRS) § 709-906(1) (Supp. 2004). The charge was based upon the allegation that Toles choked her foster son, M.R.
V.F., the minor daughter of Toles, witnessed the event, but did not see Toles's hands on M.R.'s neck. V.F. perceived that Toles was choking M.R. and reported that to her step father, Michael Toles (Michael). When Michael saw M.R., M.R.'s face was red and it appeared that M.R. had been choked. Toles left the house when she was unable to convince them otherwise.
Michael reported the incident to the police. Officer Kenneth Walker responded to the Toles's home and noted bruising on M.R.'s `neck. Dr. Brian Wilson (Dr. Wilson), M.R.'s pediatrician, examined M.R. the next day and observed localized petechiae consistent with compression of the venous return at the neck. The petechiae was not consistent with self-destructive behavior or disease.
At trial, V.F. and Michael confirmed what they had initially reported, but both testified that they may have been mistaken in concluding that Toles was strangling M.R.
Toles testified that she observed M.R. having a seizure and she grabbed M.R. by the neck to restrain him so that he would not injure himself. Both Toles and Michael testified that they had not personally seen M.R. have a seizure before this incident and Dr. Wilson, M.R.'s pediatrician since birth, testified that neither Toles nor Michael had advised him that M.R. was having seizures.

II.
The standard of review for sufficiency of the evidence is "`viewing the evidence in the light most favorable to the prosecution, substantial evidence exists to support the conclusion of the trier of fact.'" State v. Agard, 113 Hawai`i 321, 324, 151 P.3d 802, 805 (2007) quoting State v. Bui, 104 Hawai`i 462, 467, 92 P.3d 471, 476 (2004) citing State v. Pone, 78 Hawai`i 262, 265, 892 P.2d 455, 458 (1995). Toles's testimony also requires a determination of credibility. "Matters of credibility and the weight of the evidence and the inferences to be drawn are for the fact finder." State v. Romano, 114 Hawai`i 1, 8, 155 P.3d 1102, 1109 (2007).
Giving due deference to the family court as finder of fact and viewing the evidence in the light most favorable to the prosecution, we hold that substantial evidence exists to support the conclusion of the family court.
In accordance with Hawaii Rules of Appellate Procedure Rule 35, and after carefully reviewing the record and the briefs submitted by the parties, and duly considering and analyzing the law relevant to the arguments and issues raised by the parties,
IT IS HEREBY ORDERED that the judgment of the Family Court of the Third Circuit from which the appeal is taken, filed on April 20, 2007, is affirmed.